757 N.W.2d 381 (2008)
276 Neb. 749
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator,
v.
Shaun F. DOWNEY, Respondent.
No. S-07-1041.
Supreme Court of Nebraska.
November 21, 2008.
*383 John W. Steele, Assistant Counsel for Discipline, for relator.
Shaun F. Downey, pro se.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.
The Counsel for Discipline of the Nebraska Supreme Court, relator, charged attorney Shaun F. Downey with violations of the Nebraska Rules of Professional Conduct and his oath of office as an attorney. Specifically, the formal charges alleged that Downey violated the rule now codified at Neb. Ct. R. of Prof. Cond. § 3-508.4 by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or by engaging in conduct that is prejudicial to the administration of justice. Downey's answer generally admitted most of the allegations and admitted others in part.
We appointed a referee who conducted a hearing on the formal charges. In her report, the referee concluded that Downey's conduct violated § 3-508.4, as charged. The referee recommended an indefinite period of suspension with no possibility of reinstatement until Downey successfully completes his criminal probation in 2012 and maintains a voluntary period of sobriety.
On February 21, 2008, the relator filed a motion for judgment on the pleadings, requesting that this court accept the referee's recommendations and enter judgment thereon. The motion was not opposed. We sustained the motion in part, finding that the facts were as established in the referee's report. We ordered the case to proceed to oral argument on the issue of the appropriate discipline to be imposed.

BACKGROUND
Downey was admitted to the practice of law in Nebraska in 1994. He practiced in Mexico City, Mexico, for 5 years and then worked as a staff attorney in a public defender's office in Nebraska for an additional 5 years. In May 2004, he began a private practice in Nebraska, primarily consisting of criminal defense work.
On or about March 18, 2006, Downey, his girlfriend, and her 14-year-old daughter consumed alcohol in Downey's apartment. When the minor became intoxicated and unruly, Downey "slapped" her on the buttocks and told her to stop. Based on this incident, he was arrested and eventually charged with three misdemeanors: third degree assault, contributing to the delinquency of a minor, and procuring alcohol for a minor. He agreed to appear in court in Douglas County on September 22 and plead guilty to third degree assault and procuring alcohol for a minor.
However, Downey failed to appear because he was on a self-described "cocaine binge." He fled to Missouri. In mid-October, he was arrested there after a high-speed vehicular chase and charged with felony driving under the influence and possession of a controlled substance. Upon arrest, he was taken to a hospital. Downey left the hospital without the consent or the agreement of the prosecutor, and a warrant was issued for his arrest. Although he testified that he had made arrangements to turn himself in on December 18, 2006, he was arrested on the warrant prior to that time.
Downey pled guilty to Missouri felony charges of driving under the influence of cocaine and possession of a controlled substance. He was given a suspended sentence and placed in a "`drug-offender boot camp'" for 90 days. He completed that *384 program, and in 2007, he was placed on probation for 5 years in Missouri. According to his testimony, should he violate his probation, he faces two 8-year sentences in Missouri.
Downey was extradited to Nebraska in August 2007 and pled guilty to third degree assault and procuring alcohol for a minor. The charges were the result of the March 2006 incident with his girlfriend's daughter. He was sentenced to 90 days in jail and served that sentence. He then returned to Missouri to complete his probation.
Downey attends Narcotics Anonymous meetings daily. He attends outpatient therapy 3 hours per week and meets every other week with a counselor for individual therapy. He is subject to random drug tests but, at the time of the hearing, had not yet been tested by the Missouri probation office. Downey has been unable to find work in Missouri and believes that there are attorneys in Nebraska who may be willing to employ him in a paralegal capacity.
Downey readily admits to his drug and alcohol addictions. He first went into rehabilitation in 1983 and testified that he remained sober for about 7 years, although he was arrested for driving under the influence in 1986. He resumed abusing drugs and alcohol while attending law school in 1991 and continued while he worked in Mexico. Downey was arrested for driving under the influence in 2000 and went through a rehabilitation program. He was arrested for driving under the influence again in 2005 and obviously was using again by the time of the March 2006 incident. He has been sober since December 2006, but has been incarcerated or on intensive probation since then.
At oral argument before this court, Downey stated that his probation was transferred from Missouri to Nebraska in April 2008. He offered, and this court received, an exhibit documenting that in February 2008, he executed an agreement with the Nebraska Lawyers Assistance Program (NLAP), and that since that time, he has performed all requirements of the contract. It is the opinion of the director of NLAP that Downey is committed to taking whatever actions are necessary to ensure that he does not return to the addiction that led to his previous problems.
Based upon the evidence offered during the hearing, the referee found that Downey's conduct violated § 3-508.4, which states in part that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, or to engage in conduct that is prejudicial to the administration of justice. The referee recommended an indefinite period of suspension with no opportunity for reinstatement until Downey completes the terms of his probation in 2012 and maintains a voluntary period of sobriety. We granted the relator's motion for judgment on the pleadings in part, accepting the referee's findings of fact. We ordered the case to proceed to oral argument on the issue of the appropriate sanction. Neither party assigns error in the findings or recommendations of the referee.

ANALYSIS
[1, 2] The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[1] Here, because neither *385 party disputes the referee's finding that discipline should be imposed, the only question before us is whether the discipline should be that recommended by the referee or something else. The possible sanctions include (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.[2]
[3, 4] With respect to the imposition of attorney discipline in an individual case, "`each case justifying the discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.'"[3] For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding.[4]
[5, 6] The determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding also requires consideration of any aggravating or mitigating factors. To determine whether and to what extent discipline should be imposed, this court considers: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[5]
Although there is no indication of harm to a client, Downey's offenses as described above are serious violations of the Nebraska Rules of Professional Conduct. Such egregious actions must have a significant disciplinary consequence.[6] However, it is apparent that his drug and alcohol addiction was the primary cause for Downey's violation of the conduct rules and the near destruction of his professional career. We are persuaded by the record and Downey's appearance before us that after a lifelong struggle with his addiction, he has acknowledged responsibility for his actions. Downey has cooperated throughout the course of the disciplinary proceedings, and he appears to have made a sincere and productive effort to confront his addiction and obtain the necessary professional treatment. All of these factors are mitigators that we consider in determining the appropriate discipline to impose.[7]
Based upon our consideration of all aggravating and mitigating factors, we agree with the conclusion of the referee that a suspension is the appropriate sanction. We therefore suspend Downey from the practice of law in the State of Nebraska for an indefinite period effective upon the filing of this opinion, with no possibility of reinstatement prior to August 1, 2012. Upon application for reinstatement, Downey shall have the burden of proving that he has not practiced law during the period of suspension and that he has met the *386 requirements of Neb. Ct. R. § 3-316. In addition, reinstatement shall be conditioned upon (1) Downey's payment of all costs of this action, which are hereby taxed to him; (2) Downey's compliance with the terms of his February 2008 contract with NLAP's monitoring program; (3) a showing by independent third-party proof that Downey has continued active participation in a recovery program and has maintained abstinence from the use of drugs and alcohol during the period of suspension; (4) a showing that Downey possesses the current legal competence to practice law in the State of Nebraska; (5) a showing that Downey satisfactorily completed his criminal probation; and (6) the submission by Downey and approval by this court of a probation plan, whereby Downey's recovery program and his compliance with the Nebraska Rules of Professional Conduct would be monitored by NLAP and the Counsel for Discipline for a period of time not less than 2 years following reinstatement.
JUDGMENT OF SUSPENSION.
NOTES
[1] State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007), citing State ex rel. Counsel for Dis. v. Petersen, 272 Neb. 975, 725 N.W.2d 845 (2007).
[2] See State ex rel. Counsel for Dis. v. Dortch, supra note 1.
[3] Id. at 670, 731 N.W.2d at 596-97, quoting State ex rel. Counsel for Dis. v. Petersen, supra note 1. See, also, State ex rel. Counsel for Dis. v. Hubbard, 276 Neb. 741, 757 N.W.2d 375, 2008 WL 4950129 (2008).
[4] State ex rel. Counsel for Dis. v. Dortch, supra note 1.
[5] See, State ex rel. Counsel for Dis. v. Hubbard, supra note 3; State ex rel. Counsel for Dis. v. Dortch, supra note 1.
[6] State ex rel. Counsel for Dis. v. Wintroub, 267 Neb. 872, 678 N.W.2d 103 (2004).
[7] See State ex rel. NSBA v. Pullen, 260 Neb. 125, 615 N.W.2d 474 (2000).